IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 0 6 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Maria Ruiz, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-140 |
| | § | |
| Wal-Mart Stores, Inc., | § | |
| | § | |
| Defendant. | § | |

FINAL JUDGMENT

BE IT REMEMBERED, that this case came to trial before a jury on November 22, 1999, the Honorable Hilda G. Tagle, United States District Judge, presiding. A jury panel of twelve (12) persons was duly empaneled and sworn. The jury made the following findings by unanimous verdict on November 22, 1999, after hearing the arguments and evidence of counsel, and in response to special issues, definitions and explanatory instructions:

QUESTION NO. 1

**Did the negligence, if any, of any person or entity named below proximately cause the occurrence or injury in question?**

With respect to the condition of the premises, Wal-Mart Stores, Inc. was negligent if --

    a.    the condition posed an unreasonable risk of harm, and

    b.    Wal-Mart Stores, Inc. knew or reasonably should have known of the danger, and

    c.    Wal-mart Stores, Inc. failed to exercise ordinary care to protect Maria Ruiz from the danger, by both failing to adequately warn Maria Ruiz of the condition and failing to make that condition reasonably safe.

"Ordinary care" when used with respect to the conduct of Wal-Mart Stores, Inc. as the owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstance.

"Negligence," when used with respect to the conduct of Maria Ruiz means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of Maria Ruiz, means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**Answer "Yes" or "No".**

    (a) Wal-Mart Stores, Inc.      <u>NO</u>

    (b) Maria Ruiz      <u>NO</u>

The jurors were instructed not to answer Question No. 2 on percentages of negligence attributable to the parties unless they answered "Yes" to both subsections (a) and (b) of Question No. 1. The jurors therefore did not answer Question No. 2. The jurors answered Question No. 3 as follows:

## QUESTION NO. 3

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate MARIA RUIZ, for her damages, if any, resulting from the occurrence in question?**

Consider the elements of damages listed below and none other. Consider each element separately. Do not include interest on any amount of damages you find.

Do not include any amount for any condition not resulting from the occurrence in question.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any other injuries that resulted from the occurrence in question.

Do not include any amount for any condition resulting from the failure, if any, of Maria Ruiz to have acted as a person of ordinary prudence would have done under the

same or similar circumstances in caring for and treating her injuries, if any, that resulted from the occurrence in question.

Answer in dollar and cents for damages, if any, for:

| | | |
|---|---|---|
| a. | Physical pain and mental anguish in the past | 0 |
| b. | Loss of earning capacity in the past | 0 |
| c. | Physical impairment in the past | 0 |
| d. | Physical pain and mental anguish which reasonably will be sustained in the future | 0 |
| e. | Loss of earning capacity which reasonably will be sustained in the future | 0 |
| f. | Physical impairment which reasonably will be sustained in the future | 0 |

The above findings were received by the Court and were filed and entered of record.

It is therefore **ORDERED** and **ADJUDGED** that Plaintiff Maria Ruiz take nothing against Defendant Wal-Mart Stores, Inc. for the claims which she asserted in this lawsuit.

DONE at Brownsville, Texas, this ____6____ day of January 2000.

_____
Hilda G. Tagle
United States District Judge